O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TRIPHINA LESLEY, | ) | Case No. EDCV 16-00584 DDP (DTBx) |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| v. | ) | |
| FAY SERVICING, LLC, | ) | [Dkt. 11] |
| Defendants. | ) | |

Before the court is Defendant Fay Servicing LLC's ("Fay Servicing") Motion to Dismiss Plaintiff Triphina Lesley's First Amended Complaint. (Dkt. 11.) After considering the parties' submissions, the court adopts the following Order.

**I. BACKGROUND**

The present case is Plaintiff Triphina Lesley's second action against Defendant Fay Servicing in connection with the foreclosure of Plaintiff's home. See Triphina Lesley v. Bank of America, N.A. et al, EDCV 15-01696, 2015 WL 8374950 (C.D. Cal. Dec. 9, 2015). This Court's prior Order in the related action details the basic background of the case (Id.) In brief, Plaintiff obtained a loan

from Countrywide Bank, F.S.B. to purchase a home in 2007. (First Amended Complaint ("FAC") ¶ 11.) In 2012, Plaintiff defaulted on her loan, which was then owned by Bank of America, N.A. (BANA). (FAC, Exhibit C.) On February 15, 2015, BANA recorded a Notice of Default and Election to Sell under Deed of Trust ("NOD"). (Id.) On May 6, 2015, BANA recorded a Notice of Trustee's Sale ("First NOTS"), setting the property for sale on June 1, 2015. (Request for Judicial Notice ("RJN"), Exhibit 1.) In May 2015, Plaintiff filed suit against BANA in connection with the default proceedings. (RJN, Exhibit 2.) Defendant Fay Servicing became the servicer of the loan around July 2015, and Plaintiff joined it to the action shortly thereafter. (RJN, Exhibit 3.) On December 9, 2015, this Court issued an order dismissing with prejudice the action against Fay Servicing for failure to state a claim. Lesley, 2015 WL 8374950, at *2.

During the course of the prior litigation, a second Notice of Trustee's Sale was recorded on October 28, 2015 (the "Second NOTS"), which set a trustee's sale date of November 30, 2015. (FAC, Exhibit D.) The trustee's sale took place as scheduled on November 30. (FAC, Exhibit E.) Prior to trustee's sale, Plaintiff alleges that Defendant failed to process her application for loan modification or notify her regarding the trustee's sale. (FAC ¶¶ 16, 18.) On the basis of these allegations, Plaintiff filed the present case stating nine causes of action: (1) fraud and intentional misrepresentation; (2) declaratory relief pursuant to Cal. Civil Code §§ 2924.12, 2924(b); (3) violation of Cal. Civil Code § 1788.1 (Rosenthal Fair Debt Collection Practices Act); (4) negligence; (5) violation of Cal. Civil Code §§ 2923.6, 2923.7; (6)

statutory damages pursuant to Cal. Civil Code § 2924.19; (7) unfair business practices in violation of Bus. & Profs. Code § 17200; (8) quiet title; and (9) cancellation of trustee's deed upon sale.

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiff must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a

3

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. DISCUSSION**

    **A.   California Homeowner Bill of Rights Claims**

Plaintiff's second, fifth, and sixth causes of action are based on violations of the California Homeowner Bill of Rights ("HBOR"). Specifically, the FAC alleges that: 1) Defendant executed and recorded a Notice of Default in February 2015 in violation of California Civil Code Sections 2923.5 and 2923.55 (FAC ¶¶ 13, 37); 2) Defendant wrongfully foreclosed in violation of Section 2923.6 because a modification review was pending as of the November 30, 2016 trustee's sale date (FAC ¶¶ 31, 50); 3) Defendant failed to provide Plaintiff a single point of contact ("SPOC") in violation of Section 2923.7 (FAC ¶ 51); and 4) Plaintiff is entitled to declaratory relief and damages for the alleged HBOR violations under Sections 2924.12 and 2924.19 (FAC ¶ 56).

With regard to claims arising out of the February 2015 Notice of Default (second cause of action), Defendants argue for dismissal because the document was executed and recorded by BANA not Fay Servicing. (Motion to Dismiss FAC 5.) Indeed, Defendant did not become the servicer of the loan until July 2015. (RJN, Exhibit 3.) Furthermore, Plaintiff's prior action raised the exact same claim regarding the February 2015 NOD against BANA. (RJN, Exhibit 2 ¶ 18.) Finally, Plaintiff does not contest the accuracy of these statements in their Opposition to the Motion to Dismiss. Thus, the court DISMISSES with prejudice the second cause of action.

The remainder of Plaintiff's HBOR claims revolve around two competing characterizations put forth by Plaintiff concerning

4

Defendant's unlawful actions. In her First Amended Complaint, Plaintiff alleges that she had a pending loan modification application prior to the November 30 trustee's sale. (See, e.g., Compl. ¶¶ 16, 19, 21, 31.) Thus, Plaintiff argues that Defendant's alleged foreclosure of her property, failure to identify a SPOC, and failure to process her modification constituted violations of the HBOR. Defendant challenges this assertion and submits as evidence Plaintiff's modification application, dated December 15, 2015, and accompanying email from Plaintiff's counsel delivering the modification application, dated December 23, 2015. (RJN, Exhibit 5.) Because the application was not submitted until after the date of the trustee's sale, Defendant argues that they could not have violated the prohibition on sale while a loan modification application was pending or the SPOC requirement.

In her Opposition to the Motion to Dismiss, Plaintiff does not reassert her claim that she had a pending loan modification application at the time of the trustee's sale. Instead, she contends that Defendant failed to postpone the date of the trustee's sale and "failed to communicate with Plaintiff's counsel in an effort to allow Plaintiff an opportunity to submit a loan application." (Opp'n 1.) Plaintiff does not, however, submit any evidence or make any allegation that she requested a postponement of the trustee's sale. Indeed, she cannot make such a showing because her argument rests on the assertion that she never received the Second NOTS. (Compl. ¶ 25.)

In its reply, Defendant notes that Plaintiff conceded receiving the initial NOD and the First NOTS and that Plaintiff attached the Second NOTS, which she claims she did not receive, to

5

the First Amended Complaint. (RJN, Ex. 2 ¶¶ 18-19; Reply 5.) None of these facts are dispositive. That Plaintiff was generally aware her home was in foreclosure proceedings and might be subject to a trustee's sale does not mean Defendant's actions with regard to the Second NOTS complied with the relevant statutory requirements. Likewise, the fact that Plaintiff now has submitted the Second NOTS does not mean it was available, as required, prior to the trustee's sale date.

Defendant does correctly note, however, that actual receipt of the Notice of Trustee's Sale is not required under California law. See Knapp v. Doherty, 123 Cal. App. 4th 76, 88–89 (2004) ("The trustor need not receive actual notice of the trustee's sale so long as notice is provided to the trustor that is in compliance with the statute."); see also, Kham v. Exec. Tr. Servs., LLC, 2012 U.S. Dist. LEXIS 38566, at *25 (E.D. Cal. Mar. 20, 2012) ("[T]he complaint's bare allegation of non-receipt of the trustee's sale notice is insufficient to overcome the presumption of foreclosure sale propriety.") Given the evidence that the Notice of Trustee's Sale was properly recorded, the court DISMISSES with prejudice the fifth and sixth causes of action.[1] In light of the court's conclusion that Plaintiff has failed to state a claim under the HBOR, the court declines to reach Defendant's alternate contention that the HBOR is preempted by the federal Home Owner's Loan Act. (Mot. 7-14.)

---

[1] Plaintiff also asserts an independent claim under California Civil Code sections 2924.12 and 2924.19. These provisions provide remedies for HBOR violation. Having concluded that Plaintiff fails to state a claim for any violation of the HBOR, the court cannot conclude that Plaintiff has a separate cause of action under sections 2924.12 and 2924.19.

**B.     Intentional Misrepresentation**

Plaintiff's First Cause of Action for Intentional Misrepresentation is based on allegations that "Defendants made false representations to Plaintiff regarding the status of her application, the fruitfulness of a potential application, information regarding a sale date, and in representations regarding events that occured." (FAC ¶ 29.) Plaintiff also specifically alleges that Defendant's counsel stated to Plaintiff "she was unaware of the November 30, 2015 sale date," which led Plaintiff to mistakenly conclude that foreclosure proceedings were not in process. (FAC ¶ 31.)

A claim for intentional misrepresentation requires "(1) a misrepresentation; (2) knowledge of falsity; (3) intent to induce reliance; (4) actual and justifiable reliance; and (5) resulting damage." Chapman v. Skype, Inc., 220 Cal.App.4th 217, 230-231 (2013). The elements of an action sounding in fraud must be pled with particularity; however, knowledge and intent may be pled generally.  Fed. R. Civ. P. 9(b).

Defendant argues that Plaintiff allegations are too general to state a claim for fraud or intentional misrepresentation and also immaterial given there was no pending loan application prior to the trustee's sale. (Mot. 17.) Here, the only potentially material allegation is the alleged statement by Defendant's counsel that they were unaware of the sale date. This statement, if true, may have had the potential of misleading Plaintiff about whether the Second NOTS had issued. But Defendant explains, and Plaintiff does not contest, that this statement was made after the trustee's sale date had passed. (Mot. 17-18.) Thus, it does not rise to level of

7

intentional misrepresentation for two reasons. First, it was true at the time it was made; Defendant's counsel filed a declaration stating that they were not tracking this particular proceeding and did not learn of the sale until January 2016. (Declaration of Kathryn A. Moorer.) Second, the statement could not have induced reliance that explains Plaintiff's failure to file a loan modification application prior to the trustee's sale date. Thus, Plaintiff's first cause of action for intentional misrepresentation claim is DISMISSED without prejudice for failure to adequately allege damages resulting from this supposed misrepresentation.

**C. California Rosenthal Fair Debt Collection Practices Act**

The California Rosenthal Fair Debt Collection Practice Act ("RFDCPA"), like its federal counterpart, is designed to protect consumers from unfair and abusive debt collection practices. See Cal. Civ. Code § 1788.1. Plaintiff's third cause of action alleges that Defendant acted in violation of the RFDCPA. The Complaint contains no allegations about any specific acts by Defendant nor does it contain any allegations that Defendant is a "debt collector" under the RFDCPA. (See FAC ¶¶ 39-41.) Thus, the Court DISMISSES with prejudice Plaintiff's third cause of action.

**D. Negligence**

Plaintiff's fourth cause of actions alleges that Defendant negligently failed to process Plaintiff's application for loan modification or, in the alternative, negligently failed to postpone the trustee's sale date and work with Plaintiff on a modification application. (FAC ¶¶ 42-47; Opp'n 6.) The elements of a negligence claim are: (1) the existence of a duty to exercise due care, (2) breach of that duty, (3) causation, and (4) damages. Merrill v.

Navegar, Inc., 26 Cal.4th 465, 500 (2001). The "existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089, 1095 (1991). Defendant contends that Plaintiff's negligence claim must fail because Defendant does not owe Plaintiff a duty of care beyond its role as a lender.

    Courts have generally held that, under California law, a lender does not owe a fiduciary duty to a borrower. See, e.g., Walters v. Fidelity Mortg. of California, 730 F. Supp. 2d 1185, 1205 (E.D. Cal. 2010). Some courts have applied that logic to circumstances where a loan servicer offers to modify a borrowers loan, reasoning that the servicer's "involvement in the loan transaction does not exceed the scope of its conventional role as a lender of money." Deschaine v. IndyMac Mortg. Servs., 2014 U.S. Dist. LEXIS 8541, at *17 (E.D. Cal. Jan. 22, 2014) (internal quotation marks omitted); see also Nymark v. Heart Fed. Sav. & Loan Assn., 231 Cal. App. 3d 1089, 1096 (1991). That rule, however, is not absolute. California courts employ a six factor test to determine whether a financial institution owes a duty of care to a borrower, and look to "[1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm." Nymark, 231 Cal. App. 3d at 1098 (citing Biakanja v. Irving, 49 Ca.2d 647 (1958)).

California courts are currently divided as to the question whether lenders owe borrowers a duty of care in processing a loan modification. Compare <u>Alvarez v. BAC Home Loans Servicing, L.P.</u>, 228 Cal. App. 4th 941, 948 (2014) (holding that lenders have a "duty to use reasonable care in the processing of a loan modification") with <u>Lueras v. BAC Home Loans Servicing, LP</u>, 221 Cal. App. 4th 49, 68 (2013) (holding that the defendant banks "did not have a common law duty of care to offer, consider, or approve a loan modification, or to offer [the plaintiff] alternatives to foreclosure.") What appears consistent across cases is that courts have not found a duty of care where plaintiffs never requested a modification. The only case Plaintiff cites in her Opposition rests on the same assumption. See <u>Garcia v. Ocwen Loan Servicing, LLC</u>, 2010 WL 1881098, at *4 (N.D. Cal. May 6, 2010) (denying a motion to dismiss a negligence claim against a loan servicer who failed to properly process a modification application "[u]pon receipt of the requested documents"). Thus, the court DISMISSES with prejudice Plaintiff's fourth cause of action.

**E.   Unfair Competition Law**

Plaintiff's seventh cause of actions alleged violation of California's Unfair Competition Law ("UCL"). Cal. Bus. & Prof. Code §§ 17200 <u>et seq</u>. The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair." <u>Id.</u> § 17200. Plaintiff does not state any specific UCL violations but instead alleges that Defendant's actions generally constitute unfair business practices. Having concluded that Plaintiff's allegations regarding Defendant's actions fail to state a claim for violations of the HBOR, intentional misrepresentation, and negligence, the

10

court also DISMISSES without prejudice the seventh cause of action.

**F.   Quiet Title and Cancellation of Trustee's Deed Upon Sale**

Plaintiff's eight and ninth causes of actions seek to quiet title and cancel the trustee's deed upon sale on the grounds that Plaintiff did not receive valid notice of the trustee's sale in violation of California Civil Code sections 2924 and 2924.8. (FAC ¶¶ 63-70; id. 23-25; id. 35-36.

To maintain her wrongful foreclosure action, Plaintiff must allege ability to tender. See Alicea v. GE Money Bank, 2009 WL 2136969 *3 (N.D. Cal. 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure.")  Likewise, a mortgagor cannot quiet title against a mortgagee without first tendering the amount owed on the mortgage. Miller v. Provost, 26 Cal. App. 4th 1703, 1707 (1994). The tender requirement spares courts from being called upon to "order a useless act performed" in cases where plaintiffs would be unable, even under proper sale procedures, to redeem a property. FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal. App. 3d 1018, 1021-22 (1989). Plaintiff has not offered tender here.

Plaintiff argues that an equitable exception to the tender rule applies here. (Opp'n 5 (citing Onofrio v. Rice, 55 Cal. App. 4th 413, 424 (1997)).) It is true that inequity can create an exception to the tender rule. Farah v. Wells Fargo Home Mortgage, 2014 WL 261561, at *3 (N.D. Cal. Jan. 23, 2014). However, it "is generally invoked only when the sale at issue has yet to occur," since the property would be subject to foreclosure again absent

11

Plaintiff tendering the outstanding debt. Id.; see Nissim v. Wells Fargo Bank, N.A., 2013 WL 192903, at *9 (N.D. Cal. Jan. 17, 2013) (noting that many "courts have refused to extend the tender rule to cases where the foreclosure sale has not yet occurred."). But see Robinson v. Bank of America, 2012 WL 1932842, (N.D. Cal. May 29, 2012) at *3-4 (holding it would be inequitable to apply the tender rule to the plaintiff because the sale was still pending). Because the foreclosure sale here was already completed, the tender rule applies and Plaintiff fails to state a claim to quiet title or cancel the trustee's deed upon sale. Further, Plaintiff provides no facts regarding why it would be inequitable to require her to provide tender.

Absent any justification for invocation of an exception to the tender rule, Plaintiff's eight and ninth causes of actions are DISMISSED with prejudice.

**IV. CONCLUSION**

For the reasons set forth above, Defendant Fay Servicing's Motion to Dismiss under Rule 12(b)(6) is GRANTED. Plaintiff's second, third, fourth, fifth, sixth, eighth, and ninth causes of action are DISMISSED with prejudice. Plaintiff's first and seventh causes of action are DISMISSED with leave to amend. Any amended complaint shall be filed by July 11, 2016. Failure to timely file an amended complaint shall result in a dismissal of the entire action with prejudice.

IT IS SO ORDERED.

Dated: June 29, 2016

DEAN D. PREGERSON
United States District Judge